19441—Methodist Book Concern v. The Stoneman Hardware Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 11-25-25; 3 Abs. 754.

19442—James C. Davis, Agt., v. Fred W. Webber. Motion for Mahoning Appeals to certify. Allowed. Dock. 11-25-25; 3 Abs. 754.

19443—Joe Grossman v. John Backus. Motion for Mahoning Appeals to certify. Overruled. Dock. 11-25-25; 3 Abs. 754.

19444—Andy Fillo v. Anna Kanna. Motion for Mahoning Appeals to certify. Overruled. Dock. 11-25-25; 3 Abs. 754.

19445—Ike Bloch v. Lulu Bloch. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 11-25-25; 3 Abs. 754.

19446—Massillon Savings & Loan Co. v. Imperial Finance Co. Motion for Stark Appeals to certify. Allowed. Dock. 11-25-25; 3 Abs. 754.

19447—George Siebenschuh v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Washington county. Overruled. Dock. 11-27-25; 3 Abs. 754.

19449—Industrial Commission of Ohio v. Martha M. Madden. Motion for Mahoning Appeals to certify. Allowed. Dock. 11-27-25; 3 Abs. 754.

19450—Mary Chamber v. Rose Mlazonski. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 11-30-25; 3 Abs. 754.

19451—Cleveland Fireproof Construction Co. v. City of Cleveland. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-1-25; 3 Abs. 754.

19452—Lillie Plotts v. Andrew Plotts. Motion for Hancock Appeals to certify. Overruled. Dock. 12-2-25; 3 Abs. 762.

19454—United States Fidelity & Guaranty Co. v. Emma L. Kinnaman. Motion for Williams Appeals to certify. Overruled. Dock. 12-3-25; 3 Abs. 762; OA. 3 Abs. 718.

19455—Neal Fireproof Storage Co. v. Madeline Raynor. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-3-25; 3 Abs. 762.

19457—Industrial Commission of Ohio v. George Hughes. Motion for Perry Appeals to certify. Allowed. Dock. 12-5-25; 3 Abs. 762.

19469—J. W. Stricker v. Industrial Commission of Ohio. Motion for Carroll Appeals to certify. Allowed sua sponte. Dock. 12-10-25; 3 Abs. 762.

19472—In the Matter of the Exceptions of the Prosecuting Attorney of Lucas County. State of Ohio v. Lynn C. Boyatt. Motion for leave to file bill of exceptions to the Common Pleas Court of Lucas county. Allowed. Dock. 12-11-25; 3 Abs. 762.

## SYLLABUS

### No. 52

No. 19119—The J. A. Wigmore Company v. Wilkie W. Chapman. Error to the Court of Appeals of Cuyahoga County.

257. COMMISSION—Where broker presents to owner of property a purchaser, ready, able and willing to buy, before authority of broker to sell has been withdrawn or before notification of change in selling price; broker entitled to recover commission.

191. BURDEN OF PROOF—Where answer denies making of contract set up in petition and sets up a contract substantially different which is denied by plaintiff, burden of proof not thereby shifted from plaintiff to defendant.

KINKADE, J.

1. When the owner of real estate lists the same with a broker to find a purchaser for the property at a stated selling price, and agrees to pay the broker a commission for finding a purchaser, if within a reasonable time, where no time is fixed by the parties, the broker finds and presents a purchaser ready, willing and able to take the property at the price and upon the terms stipulated before he is notified by the owner of any change in the selling price, or of any sale of the property by the owner or by another broker, and before the owner has withdrawn the authority of the broker to sell, the presenting to the owner of such a purchaser by the broker will complete his part of the contract and entitle him to recover his commission.

2. In an action upon a contract where the defendant by answer denies the making of the contract set up in plaintiff's petition, and then sets up a contract substantially different from the one on which the plaintiff bases his action, which contract set up by the answer is denied by the plaintiff in his reply, this state of the pleadings does not shift the burden of proof from the plaintiff to the defendant, and it is error for the trial judge to charge the jury that the burden of establishing the contract, set up in the answer, by a preponderance of the evidence rests upon the defendant. The List & Son Company v. Chase, 60 Ohio St., 42, and Dykeman v. Johnson, 83 Ohio St., 126, approved and followed.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Day, Allen and Robinson, JJ., concur.